IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2009 SEP 25 PM 3: 22

| | |
|---|---|
| NORMA BEATRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE FRANK MONTALVO |
| v. | ) |
| | ) NO. _____ |
| HOMEWARD BOUND, INC. | ) |
| | ) |
| Defendant. | ) |

EP09CV0351

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, Defendant, HOMEWARD BOUND, INC., files this notice of removal from the 243RD District Court, El Paso County, Texas, to the United District Court for the Western District of Texas, El Paso Division. The grounds for removal are as follows:

1. Plaintiff, Norma Beatrice (hereinafter "Plaintiff"), commenced this action by filing an Original Petition (hereinafter referred to as the "Complaint") on August 20, 2009, in the the 243RD District Court, El Paso County, Texas. The case was docketed as Cause No. 2009-3724 styled *Norma Beatrice v. Homeward Bound, Inc.* True and correct copies of the Complaint and Executed Waiver of Service are attached hereto as Exhibit A.

2. A copy of the Complaint was first served on Defendant on August 28, 2009, by personal service. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

3. Concurrent with the filing of this notice, Defendant is serving this notice upon Plaintiff's counsel and filing a copy of the notice with the Clerk of Court for the County Court of El Paso County, Texas.

899796 v1

## Grounds for Removal

4.  This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The Plaintiff's Complaint contains a claim arising under federal law pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, et seq, as amended. Specifically, Plaintiff alleges that Defendant inappropriately made inquiries into her disability and subsequently refused to hire her. In addition, any and all state law claims joined with Plaintiff's federal claim may be removed pursuant to 28. U.S.C. § 1441(c).

5.  Pursuant to 28 U.S.C. §§ 1331 and 1441, removal of the above-titled state court action to this Court is appropriate. Further, pursuant to 28 U.S.C. § 124(d)(3), removal to this Court is proper because El Paso County is located within the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.

6.  Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A are true and correct copies of all papers that have been filed with the state court from which this removal is sought.

WHEREFORE PREMISES CONSIDERED, Defendant LAS CRUCES SUN NEWS respectfully request that this Court assume full jurisdiction over this action.

Respectfully submitted,

SCOTTHULSE P.C.
P.O. Box 99123
El Paso, Texas 79999-9123
(915) 533-2493
(915) 546-8333 Telecopier

By: /s/ Andrea Cortinas
ROSEMARY M. MARIN
State Bar No. 12982500
**ANDREA CORTINAS**
State Bar No. 24055351
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>25th</u> day of September, 2009, a copy of the foregoing was mailed to Constance R. Wannamaker, 300 E. Main Drive, Suite 205, El Paso, Texas 79901, Attorney for Plaintiff, via certified mail, return receipt requested, on this the 25th day of September, 2009.

*Andrea Cortinas*
**ROSEMARY M. MARIN**

3

899796 v1

# EXHIBIT "A"

# Civil Docket
### 243rd District Court

**Case No. 2009-3724**  
El Paso County

September 25th, 2009  
2:25pm

**BEATRICE, NORMA vs. HOMEWARD BOUND, INC.**

Filed : 08/20/2009  
Status: Filed  
Type: WRONGFUL TERMINATION

Judge  
  DAVID C. GUADERRAMA

Court Reporter

| Date | Events & Orders of the Court | Volume | Page |
|---|---|---|---|
| 08/20/09 | PLN ORIGI PETI | | |
| 08/24/09 | CITATION BY MAIL Issued -Defendant, HOMEWARD BOUND, INC. | | |
| 08/28/09 | CITATION BY MAIL Served - HOMEWARD BOUND, INC. - 08/31/09 | | |
| 08/31/09 | CIT. BY MAIL RETURN<br>HOMEWARD BOUND INC SERVED 08/28/09/ MO | | |
| 09/21/09 | ORIGINAL ANSWER<br>ATTY FOR DEF: ROSEMARY M MARIN/  ANQ | | |
| 09/21/09 | Answer Filed -Defendant, HOMEWARD BOUND, INC. | | |

A TRUE COPY I CERTIFY  
GILBERT SANCHEZ, District Clerk  
By _____ DEPUTY  
SEP 25 2009

IN THE 243rd District Court
EL PASO COUNTY, TEXAS



| | § |
|---|---|
| **NORMA BEATRICE,** | § |
| Plaintiff, | § |
| | § CAUSE NO. 2009-____ |
| v. | § |
| | § |
| **HOMEWARD BOUND, INC.,** | § |
| Defendant. | § |
| | § |

3724

## PLAINTIFF'S ORIGINAL PETITION

### I.  INTRODUCTION

1. Plaintiff, NORMA BEATRICE, (hereinafter "Plaintiff") files this action against HOMEWARD BOUND, INC., Defendant, (hereinafter "Defendant") complaining that Defendant violated her rights under Chapter 21 of the Texas Labor Code by failing to hire her and retaliating against her because of her disability. Plaintiff seeks monetary damages and equitable relief as appropriate under the Texas Labor Code. Plaintiff intends that discovery be conducted under Level 2 and affirmatively pleads that she seeks monetary relief aggregating more than $50,000.

### II.  PARTIES

2. Plaintiff, NORMA BEATRICE, is an individual who resides in El Paso County and who has a disability that substantially limits a major life activity, has a record of having such an impairment or is regarded as having such a disability.

3. Defendant, HOMEWARD BOUND, INC., is a Texas nonprofit corporation. Defendant may be served with process by serving its Executive Director, Douglas W. Denton, at 233 W. Tenth Street, Dallas, Texas 75208.

*Plaintiff's Original Petition*
*Page 1*

### III. JURISDICTION AND VENUE

4. The Court has jurisdiction over this lawsuit because Plaintiff, a Texas resident, brings this suit under the Texas Labor Code against Defendant, a Texas nonprofit Corporation.

5. Venue is proper in El Paso County under section 15.002(1) of the Texas Civil Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso County, Texas. Tex.Civ.Prac.&Rem.Code § 15.002(1).

### IV. FACTS

6. On April 15, 2008, Plaintiff submitted an Application for Employment with Homeward Bound, Inc., seeking a position as a Licensed Chemical Dependency Counselor – Qualified Credential Counselor ("LCDC-QCC").

7. Defendant's Application for Employment improperly sought information on, among other things, any "physical defects" or injuries, including hearing, vision and speech "defects."

8. Plaintiff completed all sections of the application.

9. Plaintiff has a disability resulting from the removal of a brain tumor. This procedure left her with an impairment that substantially affects, among other things, her ability to think, speak, process information and work with numbers. She also experiences difficulty with walking and requires the use of an assistive device to safely walk on her own. This disability thus substantially limits the major life activities of, among others, thinking and walking.

10. Despite her disabilities Plaintiff is, and at all relevant times was, able to perform the duties of the position she sought with Defendant.



11. Plaintiff included her disability information in the appropriate section of the application. Specifically, Plaintiff stated that she had "some effects" from a brain surgery in 2002 and that she has "defects" in speech "at times."

12. Plaintiff interviewed with Charlie Garcia, the Program Director for Homeward Bound, Inc.'s Trinity Center in El Paso, Texas, for the position as a LCDC-QCC.

13. During this interview Plaintiff was led to believe she was hired for the position. Mr. Garcia informed Plaintiff that he would confirm her last employment and salary and would then contact her within 72 hours to offer her a salary.

14. After several days without hearing from Defendant and trying unsuccessfully to reach Mr. Garcia, Plaintiff was informed that Defendant was still interviewing for the position.

15. Plaintiff was never contacted again regarding said position and Defendant ultimately hired another applicant who, upon information and belief, does not have a disability, to fill said position.

16. Upon information and belief, Plaintiff held superior qualifications for the LCDC-QCC job than the applicant who was ultimately hired for the position.

17. Plaintiff is qualified for the position for which she applied, and is, and at all relevant times was, able to fulfill the duties of said position. Plaintiff is a licensed Chemical Dependency Counselor and Board Certified Alcohol and Drug Abuse Counselor. She has completed training in, among other things, post traumatic stress disorder, clinical supervision and dual diagnosis.

18. On April 28, 2008, Plaintiff dual filed a Charge of Discrimination against Homeward Bound, Inc., with the Equal Employment Opportunity Commission (EEOC) and the

Texas Workforce Commission Civil Rights Division, alleging Defendant discriminated against her because of her disability.

19. Sometime after Plaintiff filed her Charge of Discrimination, Defendant indicated that it would never consider Plaintiff for future employment because she filed a charge of discrimination against it.

20. On March 26, 2009, the EEOC issued its Determination, finding that Defendant rejected Plaintiff for employment because of her disability. The EEOC further found that Defendant engaged in illegal medical inquiries by requesting that applicants for employment disclose injuries and physical defects on its employment application. The EEOC's Determination additionally found that Defendant retaliated against Plaintiff by refusing to consider her for future employment because of the filing of her charge of discrimination.

21. On or about May 22, 2009, Plaintiff received her Notice of Right to Sue from the EEOC.

22. On or about July 28, 2009, Plaintiff received a Notice of Right to File a Civil Action from the Texas Workforce Commission, Civil Rights Division.

### V. CAUSE OF ACTION

23. Defendant unlawfully discriminated against Plaintiff on the basis of her disability by failing to hire her in violation of section 21.051 of the Texas Labor Code. Tex.Lab.Code § 21.051.

24. Defendant unlawfully retaliated against Plaintiff for exercising her rights under the Texas Labor Code by stating that it would not consider Plaintiff for future employment because she filed a Charge of Discrimination with the EEOC. Tex.Lab.Code § 21.05

25. Defendant violated Plaintiff's rights under the Texas Labor Code by unlawfully seeking information regarding her injuries and/or "defects" on its Application for Employment. Tex.Lab.Code § 21.001(3); 42 U.S.C. § 12112(d).

26. Defendant acted with malice or reckless indifference to Plaintiff's rights under the Texas Labor Code.

27. Defendant's actions caused Plaintiff to suffer injury.

28. Accordingly, Defendant is liable to Plaintiff for back pay, front pay, compensatory damages, and punitive damages. Tex.Lab.Code § 21.2585.

29. Defendant is also liable to Plaintiff for reasonable attorney's fees and costs of court. Tex.Lab.Code § 21.259.

## VI.  EQUITABLE RELIEF

30. Plaintiff seeks equitable relief in the form hiring with back pay.

## VII.  JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, NORMA BEATRICE, respectfully requests that the Court issue citation for the Defendant to appear and, after a trial by jury, award the Plaintiff the following:

    a.  Back pay;

    b.  Front pay;

    c.  Compensatory damages;

    d.  Punitive damages;

    e.  Attorney's fees and costs;



f.  Pre and post judgment interest;

g.  Equitable relief; and

h.  Any other relief to which she may show herself entitled.

Respectfully submitted,

**ADVOCACY, INCORPORATED**
300 E. Main Drive, Suite 205
El Paso, Texas 79901
Tel. (915) 542-0585
Fax (915) 542-2676

By: _____
**CONSTANCE R. WANNAMAKER**
Texas Bar Id. 24029329
Attorney for Plaintiff Norma Beatrice

*Plaintiff's Original Petition*
*Page 6*



TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk
_____ DEPUTY
SEP 2 5 2009

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

2. Article Number (Transfer from service label): 7215 4369 4680 1146 6726

1. Article Addressed to:
EXECUTIVE DIRECTOR, DOUGLAS W. DENTON
HOMEWARD BOUND, INC.
233 W. TENTH STREET
DALLAS, TEXAS 75208

2009-3724 (H52562)
citation
Leticia Alarcón

3. Service Type: ☒ Certified Mail
4. Restricted Delivery? (Extra Fee) ☐ Yes

A. Signature: X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name): [illegible]   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

FILED
GILBERT SANCHEZ
DISTRICT CLERK
AUG 31 PM 12:34
EL PASO COUNTY, TEXAS
By [signature] Deputy



## CERTIFIED MAIL RECEIPT

|  |  |
|---:|:---|
| CAUSE NO.: | 2009-3724 |
| ARTICLE NO.: | 71124369468011466726 |
| SENT TO: | Homeward Bound Inc. |
| POSTAGE: | $0.37 |
| FEE: | $2.30 |
| RETURN RECEIPT FEE: | $1.75 |
| DATE SENT: | 8/24/2009 |
| SENDER'S NAME: | Estela Alarcon |
| THIS ENVELOPE CONTAINS: | citation |



867-CITATION FOR PERSONAL SERVICE-Either Court-by Certified Mail-Rev. 9-07

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **HOMEWARD BOUND, INC.**, who may be served with process by serving its Executive Director, Douglas W. Denton, at 233 W. Tenth Street, Dallas, Texas 75208

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 08/20/2009, by Attorney at Law WANNAMAKER, CONSTANCE R, 300 E MAIN ST #205, EL PASO TX 79901, in this case numbered **2009-3724** on the docket of said court, and styled:

**BEATRICE, NORMA vs. HOMEWARD BOUND, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this 24th day of August, 2009.

Attest: GILBERT SANCHEZ, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
GILBERT SANCHEZ, District Clerk
Rm. 103 COUNTY COURTHOUSE
500 E. SAN ANTONIO
El Paso Texas, 79901

By _Estela Alarcon_, Deputy

Estela Alarcon

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2009 at _____, I mailed to

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by _certified mail_ Return receipt requested, a true copy of the citation _____.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

| *NAME OF PREPARER | TITLE |
|---|---|
| ADDRESS | |
| CITY | STATE ZIP |

TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk

_____ DEPUTY
SEP 25 2009

*If not applicable so state N/A.
DISTRICT CLERK 20

FILED
GILBERT SANCHEZ
DISTRICT CLERK
2009 SEP 21 AM 9 24
EL PASO COUNTY, TEXAS
BY _____ DEPUTY

IN THE 243RD DISTRICT COURT
EL PASO COUNTY, TEXAS

| | |
|---|---|
| NORMA BEATRICE  </br></br>Plaintiff,  </br></br>v.  </br></br>HOMEWARD BOUND, INC.  </br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)   CAUSE NO. 2009-3724</br>)</br>)</br>)</br>) |

## DEFENDANT'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW HOMEWARD BOUND, INC. ("HOMEWARD BOUND"), Defendant herein, and files this, its Original Answer to Plaintiff's First Original Petition, and would show as follows:

### I. General Denial

1. In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's First Amended Original Petition and demands strict proof of same.

### II. Special Exceptions

2. Defendant specially excepts to Plaintiff's Original Petition, as it fails to state the maximum amount of damages sought. Defendant requests that the Court require Plaintiff to state the maximum amount of damages sought, within the limitations imposed by law or, in the alternative, that Plaintiff's lawsuit be dismissed.

### III. Affirmative Defenses

3. The actions alleged by Plaintiff do not constitute "harassment" or "discrimination" in violation of any law.

4. Plaintiff cannot meet her burden to establish a prima facie case of discrimination or harassment.

5. The actions alleged by Plaintiff do not constitute "retaliation."

6. Plaintiff cannot meet her burden to establish a prima facie case of retaliation.

7. To the extent that Plaintiff is seeking recovery for any act or omission that occurred more than two years before Plaintiff became a party to this action, the claim is barred by limitations

8. Plaintiff did not report discrimination based on disability or engage in any other protected activity.

9. Adverse employment actions taken, if any, were unrelated to Plaintiff's alleged claims of harassment and/or discrimination.

10. Adverse employment actions taken, if any, were unrelated to, and not motivated by, Plaintiff's disability.

11. Any decisions made or actions taken regarding the different aspects of Plaintiff's employment with Defendant were not severe, or in the alternative, sufficiently severe, to rise to the level of discrimination and adversely affect the terms and conditions of Plaintiff's employment.

12. Defendant did not engage in any unlawful intentional employment practice.

13. Defendant had a legitimate business reason for any decisions made or actions taken involving the Plaintiff.

14. Plaintiff cannot establish that the reasons given for adverse actions taken, if any, were pretextual.

15. If any person caused intentional injuries to Plaintiff, then such person was not acting in the course and scope of his or her employment with Defendant, was not acting with the consent or authority of Defendant, and was not acting with knowledge or permission of Defendant.

16. Defendant exercised reasonable care to prevent, correct, and promptly address any alleged discriminatory or retaliatory behavior, or in the alternative, was prevented from doing so because Plaintiff failed to promptly report her complaints directly to Defendant and refused to communicate factual allegations Defendant.

17. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities of Defendant or to avoid harm otherwise.

18. Plaintiff's damages and injuries, if any, were caused, in whole or in part, by independent, contributing, and intervening causes, factors, injuries, disabilities and conditions unrelated to any actions of Defendant.

19. Defendant asserts the applicable statutory cap(s) on damages in accordance with Title VII of the Civil Rights Act of 1964, as amended.

20. Defendant asserts the applicable statutory cap(s) on damages in accordance with the Texas Commission on Human Rights Act, at Texas Labor Code, Section 21.2585.

21. Defendant asserts the applicable statutory cap(s) on damages in accordance with the Texas Civil Practice and Remedies Code, Chapter 41.

22. Any amounts which Plaintiff claims are due and owing for lost wages and benefits must be reduced and mitigated by the amount of benefits and monetary payments

Plaintiff received or by the amount of wages and benefits which Plaintiff could have earned with the exercise of reasonable diligence during the period for which lost wages or benefits is sought by Plaintiff.

23. Defendant would show that to the extent that Plaintiff has failed to mitigate her damages, then any claim for damages is barred.

24. Plaintiff is not entitled to punitive damages, as Defendant did not engage in discriminatory practice with malice or reckless indifference to the state-protected rights of the Plaintiff.

25. Plaintiff is not entitled to punitive damages, as such would violate the Due Process Clause of the 5th and 14th Amendments to the United States Constitution.

## IV.

### Right to Amend

26. Defendant reserves the right to amend this Answer at a later date.

## V.

### Request for Relief.

For these reasons, Defendant requests the Court, upon final hearing, to enter judgment that Plaintiff take nothing by this suit, and that Defendant recover costs and such further relief, general or special, at law or in equity, to which Defendant may be entitled.



Respectfully submitted,

**SCOTT, HULSE, MARSHALL, FEUILLE,
FINGER & THURMOND, P.C.**
Chase Tower
201 E. Main, 11th Floor
P.O. Box 99123
El Paso, Texas  79999-9123
(915) 533-2493
(915) 546-8333 Telecopier

By: *Andrea Cortinas*
ROSEMARY M. MARIN
State Bar No. 12982500
**ANDREA CORTINAS**
State Bar No. 24055351
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed by Certified Mail, to Constance R. Wannamaker, 300 E. Main Drive, Suite 205, El Paso, Texas 79901, Attorney for Plaintiff, this 21ST day of September, 2009.

*Andrea Cortinas*
ANDREA CORTIANS

TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk
DEPUTY